UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CITY OF SANFORD, FLORIDA, a
municipal corporation, and STATE EX
REL., CITY OF SANFORD, FLORIDA, a
municipal corporation,

      Plaintiff,

v.

GENERAL DYNAMICS CORPORATION,
a foreign corporation, et al.,

      Defendants.

Case No.: 6:24-cv-1983-AGM-DCI

## JOINT UNOPPOSED MOTION TO EXTEND CASE MANAGEMENT AND SCHEDULING ORDER DEADLINES BY FOUR MONTHS

Plaintiff City of Sanford, Florida and State *ex rel.*, City of Sanford, Florida ("Plaintiff") and Defendants General Dynamics Corporation, Siemens Corporation, and MONI Holdings LLC ("Defendants"), jointly move under Fed. R. Civ. P. 16(b)(4) for entry of an order modifying the Case Management and Scheduling Order ("CMSO") deadlines. (D.E. 65.) Good cause exists for this requested extension and judicial economy is benefitted.

### PRELIMINARY STATEMENT

This is a complex environmental case in which Plaintiff has sued the Defendants alleging contamination from a legacy electronics manufacturing facility in Lake Mary, Florida that operated over decades, which Plaintiff alleges has impacted the groundwater used to supply the drinking water supplied to Plaintiff's citizens and

customers.  Plaintiff brings seven causes of action against Defendants alleging that the drinking water of the City of Sanford, Florida has been and continues to be contaminated.  Defendants deny the allegations.  Resolution or adjudication of this case requires substantial expert testimony and analysis from multiple disciplines, and the parties expect that the proof at trial will be highly technical.

In addition to involving complex legal and factual issues, numerous parties, and circumstances beyond the control of the parties and the Court, the case is currently not at issue, multiple motions to dismiss remain pending, and critical discovery—which the parties are pursuing cooperatively with regular conferrals—remains outstanding. The parties have acted diligently and productively, but the current schedule is no longer reasonable or feasible under the circumstances.  Accordingly, additional time is necessary to ensure a fair and just resolution of the claims and defenses, and to allow the parties to engage in meaningful mediation following the conclusion and analysis of expert disclosures (which the parties are cooperatively ensuring is comprehensive), the close of expert and fact discovery, and the filing of dispositive motions.

## PROCEDURAL HISTORY

Plaintiff filed this action in the Circuit Court for the Eighteenth Judicial Circuit in and for Seminole County, Florida, on October 17, 2024.  (D.E. 1.)  On October 31, 2024, General Dynamics removed the case from state court to federal court.  (*Id.*) Plaintiff moved to remand the case to state court on December 2, 2024, (D.E. 35), which Defendants jointly opposed (D.E. 49).  On February 11, 2025, this Court denied

Plaintiff's motion to remand as moot after Plaintiff orally withdrew the motion at the case management scheduling conference (*see* D.E. 64).

Defendants moved to dismiss Plaintiff's complaint. (D.E. 51, 53, 56.) These motions were filed in January 2025. Plaintiff filed an amended complaint in March 2025, thereby mooting the motions to dismiss. (D.E. 69.) Defendants moved to dismiss the Amended Complaint in May 2025, and the parties have fully briefed those motions. (D.E. 82, 83, 85 (the "Motions to Dismiss").) The Motions to Dismiss remain pending. The case was reassigned to The Honorable Anne-Leigh Gaylord Moe on October 31, 2025. (D.E. 104.)

While the Motions to Dismiss have remained pending, the parties have nonetheless engaged in substantial discovery efforts, including exchanging initial disclosures, responding to pending written discovery requests, producing documents, making voluntary disclosures of information to each other, and meeting and conferring regularly to address discovery issues and other case management issues. Other discovery, however, such as certain depositions, cannot proceed until further documents and information are exchanged.

## ARGUMENT

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court enjoys broad discretion in managing its docket, including scheduling and discovery. *See Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002); *Abdullah v. City of Jacksonville*, 242 Fed. App. 661, 664 (11th Cir. 2007).

For instance, courts in this district have considered scheduling issues and unforeseen delays in discovery when deciding whether to grant motions to extend case management deadlines. *E.g. Saadi v. Maroun*, 2021 WL 8650784, at *2 (M.D. Fla. Jan. 21, 2021) (granting motion to extend discovery deadlines to allow parties to reschedule depositions).  Courts also consider whether a motion to extend deadline is opposed when deciding whether to grant such a request. *See, e.g.*, *LeBlanc v. Unifund CCR Partners, G.P.*, 2007 WL 2446900, at *3 (M.D. Fla. Aug. 23, 2007) ("As to Defendants' request for an extension of the discovery and dispositive motion deadlines, Plaintiff does not object to the request. Accordingly, the motion is granted[.]").  Here, the motion to extend is jointly sought by the parties.

Good cause exists for the requested extension due to the: (1) complexity and magnitude of the case; (2) pendency of multiple motions to dismiss, meaning the case is not yet at issue and the ultimate claims and defenses are undetermined; (3) ongoing cooperative activity in obtaining and providing critical discovery, including expert reliance materials and other disclosures; (4) ongoing production and review of voluminous party and non-party records; (5) need for additional time to conduct meaningful expert discovery and a second round of mediation; and (6) fact that the parties have been diligently and cooperatively pursuing discovery and expert disclosures so that the case may be resolved on its merits.

**I.    AN ADDITIONAL FOUR MONTHS IS NEEDED TO COMPLETE DISCOVERY AND TO PROVIDE THE PARTIES THE OPPORTUNITY TO ENGAGE IN A MEANINGFUL SECOND ROUND OF MEDIATION FOLLOWING THE COMPLETION OF EXPERT DISCLOSURES, DISCOVERY, AND THE FILING OF DISPOSITIVE AND *DAUBERT* MOTIONS.**

The parties have been diligently working towards completing discovery by the current deadline: June 19, 2026 (inclusive of expert discovery).  At this juncture, it would be overly burdensome for the parties to complete discovery by this date due to ongoing discovery and expert disclosures, the volume of party and non-party records, and the number of expected depositions.[1]  It is also difficult for the parties to complete adequate expert disclosures, which are crucial to the adjudication and resolution of this case.  Accordingly, the parties jointly request an approximate four-month extension of discovery, with a commensurate extension of all remaining CMSO deadlines, including for dispositive motions, a second mediation, and trial deadlines.

If the requested extension is granted, the Court's CMSO would be modified as follows:

|  | Current Deadlines | Proposed Deadlines |
|---|---|---|
| **Defendant Expert Reports** | Friday, March 20, 2026 | Friday, July 17, 2026 |
| **Rebuttal Reports** | Friday, May 8, 2026 | Tuesday, September 8, 2026 |
| **Discovery Deadline** | Friday, June 19, 2026 | Friday, October 16, 2026 |
| **Dispositive and *Daubert* Motions** | Wednesday, July 1, 2026 | Monday, November 2, 2026 |
| **Second Mediation** | Friday, September 4, 2026 | Friday, January 1, 2027 |

---

[1]    Courts routinely extend not just discovery deadlines, but all case deadlines upon request.  *See, e.g.*, *Harrington v. Roundpoint Mortg. Servicing Corp.*, 2016 WL 7473426, at *3 (M.D. Fla. Dec. 28, 2016) ("Because the Court is extending the discovery deadline, the Court finds that good cause exists to extend the other remaining case management deadlines, including the trial term.").

|  | Current Deadlines | Proposed Deadlines |
|---|---|---|
| **All other Motions including MIL** | Thursday, October 1, 2026 | Friday, February 5, 2027 |
| **Meeting to Prepare Joint Final PTS** | Friday, October 23, 2026 | Friday, February 26, 2027 |
| **Joint Final PTS** | Monday, November 9, 2026 | Friday, March 12, 2027 |
| **Trial Status Conference** | Tuesday, November 10, 2026 | Monday, March 15, 2027 |
| **Trial Term** | Tuesday, December 1, 2026 | Monday, April 5, 2027 |

## II.    THE DEADLINES SHOULD BE EXTENDED BECAUSE THE CASE IS NOT YET AT ISSUE.

This case is not yet at issue, which is another reason to grant the requested extension.  *See Am. Registry, LLC v. Hanaw*, Case No. 2:13-cv-352-FtM-29CM, 2014 WL 1478788, at *1 (M.D. Fla. Apr. 15, 2014) (granting an extension of deadlines because the case was not yet at issue).  The Motions to Dismiss remain unresolved, and as the claims and defenses are not fully known, the scope of ongoing discovery and mediation remains undefined.

## III.    THE PARTIES HAVE CLIENT CONSENT TO THE REQUESTED CMSO MODIFICATIONS, INCLUDING THE CONTINUANCE OF THE TRIAL TERM.

The undersigned counsel certify that their clients consent to the requested CMSO modifications, including the continuance of the trial term.

WHEREFORE, the parties jointly request that the Court enter an order modifying the Case Management and Scheduling Order deadlines as requested in this motion.

6

/s/ David H. Simmons
David H. Simmons
Florida Bar No. 240745
DSimmons@dsklawgroup.com
CBuffington@dsklawgroup.com
Daniel J. O'Malley
Florida Bar No. 0124450
DOmalley@dsklawgroup.com
CBuffington@dsklawgroup.com
Ryan H. Wisneski
Florida Bar No. 119634
RWisneski@dsklawgroup.com
JBrowning@dsklawgroup.com
**DE BEAUBIEN, SIMMONS,
KNIGHT, MANTZARIS & NEAL,
LLP**
332 North Magnolia Avenue
Orlando, FL 32801
Telephone: (407) 422-2454
Facsimile: (407) 422-0970

*Attorneys for City of Sanford, Florida, and
State ex rel., City of Sanford, Florida*

/s/I. William Spivey, II
I. William Spivey, II
Florida Bar No. 701076
spiveyw@gtlaw.com
**GREENBERG TRAURIG, P.A.**
405 S. Orange Ave., Suite 650
Orlando, FL 32801
Telephone: (407) 402-1000
Facsimile: (407) 420 -5909

Christopher Torres
Florida Bar 0716731
torresch@gtlaw.com
Danielle S. Kemp
Florida Bar No. 0474355
kempd@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Attorneys for General Dynamics Corporation
and General Dynamics Land Systems, Inc.*

7

/s/ *Joseph A. Demaria*

Joseph A. Demaria, B.C.S.
Florida Bar No. 764711
JDeMaria@FoxRothschild.com
**FOX ROTHSCHILD LLP**
One Biscayne Tower, Suite 2750
2 South Biscayne Blvd.
Miami, FL 33131
Telephone: 305.442.6547

and

Diane Westwood Wilson
Specially Admitted
DWilson@FoxRothschild.com
**FOX ROTHSCHILD LLP**
101 Park Avenue, Suite 1700
New York, NY 10178
Telephone: 212.878.1431

*Attorneys for MONI Holdings LLC*

/s/ *Dylan Sanders*

Dylan Sanders
Specially Admitted
**BEVERIDGE & DIAMOND, P.C.**
155 Federal Street, Suite 1600
Boston, MA 02110
(617) 419-2300 (t)
dsanders@bdlaw.com

and

Daniel C. Johnson
Florida Bar No. 522880
**CARLTON FIELDS, P.A.**
200 S. Orange Ave., Ste 1000
Orlando, FL 32801
(407) 849-0300
Djohnson@carltonfields.com

*Attorneys for Siemens Corporation*

8

## LOCAL RULE 3.01(g) CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), the parties have conferred on the relief requested by this motion on January 20, January 27, February 2, February 4, and February 10, 2026.

/s/ *I. William Spivey, II*
Attorney

## CERTIFICATE OF SERVICE

I certify that on February 11, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ *I. William Spivey, II*
Attorney