UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CITY OF SANFORD, FLORIDA, a municipal corporation; et al., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 6:24-cv-01983-AGM-DCI<br>)<br>) |
| GENERAL DYNAMICS CORPORATION, a Delaware corporation; et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH NON-PARTY SUBPOENA TO CAROLLO ENGINEERS, INC.**

Plaintiff, CITY OF SANFORD, FLORIDA ("Plaintiff"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii) and Rule 26(c) of the Federal Rules of Civil Procedure, hereby respectfully moves this Court to enter a protective order and to quash the subpoena served by Defendant General Dynamics Corporation on Non-Party Carollo Engineers, Inc. ("Carollo"). As grounds therefore, Sanford states as follows:

**Introduction**

1.  On or about a date prior to March 6, 2026, Defendant General Dynamics Corporation served a subpoena duces tecum on non-party Carollo,

1

commanding production of documents at Greenberg Traurig's Orlando office on March 6, 2026.

2. The subpoena seeks nine (9) categories of documents relating to Carollo's work for Sanford and Seminole County concerning drinking water systems, contaminants in groundwater and drinking water, modeling and engineering services, reclaimed water, and communications with various governmental entities.

3. The documents sought by the subpoena include materials in which Sanford has a personal right and privilege, and the production of such documents would require disclosure of privileged or other protected matter.

4. Sanford brings this motion to protect its privileged communications and work product from improper disclosure through discovery directed at a third party.

**Factual Background**

5. This civil action involves allegations set forth in Sanford's March 25, 2025, Amended Complaint.

6. Carollo has performed work for Sanford which may include work relating to drinking water systems, including design, planning, construction, permitting, and consultation in connection with drinking water production wells, drinking water conveyance systems, and drinking water treatment systems.

7.  The subpoena served by General Dynamics Corporation seeks all documents relating to Carollo's work for Sanford and Seminole in these areas.

8.  Furthermore, the subpoena defines "Seminole" as "Seminole County, Florida and its departments and divisions. <u>It also means the geographic area of Seminole</u>." (Emphasis Added) Based on the geographic reference to the geographic area of Seminole [County], this would include work performed in Sanford, which is located in Seminole County.

9.  As such, any request directed to Seminole, also implicitly requests documents related to the work that would have been performed for Sanford, of which Sanford has personal right to, and privilege of, the materials sought.

10. Specifically, without limitation, document request numbers six (6) through eight (8) seek all communications between Carollo and Sanford, Seminole County, and the Florida Department of Environmental Protection relating to the subject matters of the other requests. Additionally, document request number nine (9) specifically seeks all documents relating to Carollo's work for Sanford before being retained as a testifying expert by Sanford.

11. The documents responsive to these requests, inter alia, may include communications between Sanford and Carollo that were made for the purpose of obtaining or providing legal advice, technical consultation in anticipation of litigation, and materials prepared in anticipation of litigation.

12. These communications and materials are protected by the attorney-client privilege, work product doctrine, and other applicable privileges.

## Legal Standard

13. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) mandates that on timely motion, the court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45.

14. A party may move for a protective order to protect itself from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26.

15. The court may issue protective orders forbidding the disclosure or discovery, limiting the scope of disclosure or discovery to certain matters, or requiring that confidential information not be revealed or be revealed only in a specified way. Fed. R. Civ. P. 26.

16. Privilege in federal civil actions is governed by common law as interpreted by United States courts in the light of reason and experience, unless the United States Constitution, a federal statute, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 501.

## Argument

### I.  THE SUBPOENA SEEKS PRIVILEGED COMMUNICATIONS BETWEEN SANFORD AND ITS CONSULTANT.

17. The subpoena seeks all communications between Carollo and Sanford relating to drinking water systems, contaminants, engineering services, and testing and/or treatment.

18. Carollo has served as a consultant to Sanford on matters that are the subject of this litigation.

19. Communications between Sanford and Carollo made for the purpose of obtaining technical and engineering advice in connection with legal matters are protected by applicable privileges.

20. Documents prepared by Carollo at Sanford's direction in anticipation of litigation constitute work product and are protected from disclosure.

21. The subpoena does not identify any exception to privilege or any basis for finding that Sanford has waived its privileges.

### II.  THE SUBPOENA SEEKS DOCUMENTS RELATING TO SANFORD'S LITIGATION STRATEGY AND LEGAL POSITIONS.

22. Document request number nine (9) explicitly seeks all documents relating to work for Sanford before being retained as a testifying expert by Sanford.

23. This request seeks documents that may include or reveal Sanford's litigation strategy, legal theories, and the factual and legal bases for its claims.

24. Such documents are protected by the work product doctrine and

attorney-client privilege.

25. Allowing discovery of these materials through a non-party subpoena would circumvent the protections afforded to parties in litigation.

### III. SANFORD HAS A PERSONAL RIGHT AND PRIVILEGE IN THE MATERIALS SOUGHT.

26. The materials sought by the subpoena belong to Sanford or were created at Sanford's direction and for Sanford's benefit.

27. Sanford has not waived any privilege with respect to these materials.

28. Sanford has a personal right to assert privilege over its own communications and work product, even when those materials are in the possession of a third party.

29. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires the court to quash a subpoena that seeks privileged materials. Fed. R. Civ. P. 45.

### Conclusion

30. The subpoena served on Carollo seeks documents that are protected by privilege and in which Sanford has a personal right.

31. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) mandates that the court quash or modify a subpoena that requires disclosure of privileged or other protected matter. Fed. R. Civ. P. 45.

32. Sanford respectfully requests that this Court enter a protective order and/or quash the subpoena to prevent the improper disclosure of privileged

materials.

WHEREFORE, Plaintiff City of Sanford, Florida respectfully requests that this Court: (1) Enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) protecting Sanford's privileged communications and work product from disclosure; (2) Quash the subpoena served on Carollo Engineers, Inc. pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii); (3) In the alternative, modify the subpoena to exclude requests for documents that are privileged or in which Sanford has a personal right; (4) Award Sanford its reasonable attorney's fees and costs incurred in bringing this motion; and (5) Grant such other and further relief as the Court deems just and proper.

## Local Rule 3.01(g) Certificate of Conference

Pursuant to Local Rule 3.01(g), the undersigned counsel hereby certifies that prior to filing this Motion, Plaintiff's counsel, Ryan H. Wisneski and Daniel J. O'Malley, conferred on the relief requested by this motion on March 5, 2026, at 2:30 pm with Defendant's counsel, Christopher Torres, Danielle S. Kemp, and I. William Spivey, via Zoom. Despite good faith efforts, the parties were unable to resolve the issues addressed in the Motion.

                                                  */s/ Ryan H. Wisneski*
                                                  Ryan H. Wisneski
                                                  Florida Bar Number: 119634

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically furnished on March 5, 2026, to all counsel of record.

                    /s/ *Ryan H. Wisneski*
                    DAVID H. SIMMONS
                    Florida Bar Number: 240745
                    Dsimmons@dsklawgroup.com
                    Hrash@dsklawgroup.com
                    DANIEL J. O'MALLEY
                    Florida Bar Number: 124450
                    Domalley@dsklawgroup.com
                    Hrash@dsklawgroup.com
                    RYAN H. WISNESKI
                    Florida Bar Number: 119634
                    Rwisneski@dsklawgroup.com
                    de Beaubien, Simmons, Knight,
                     Mantzaris & Neal, LLP
                    332 North Magnolia Avenue
                    Orlando, Florida 32801
                    Telephone: (407) 422-2454
                    Facsimile: (407) 849-1845
                    Attorneys for Plaintiff