**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CITY OF SANFORD, FLORIDA and**
**STATE EX REL., CITY OF SANFORD,**
**FLORIDA,**

      **Plaintiffs,**

**v.**                                    **Case No: 6:24-cv-1983-AGM-DCI**

**GENERAL DYNAMICS**
**CORPORATION, MONI HOLDINGS,**
**LLC, SIEMENS CORPORATION,**

      **Defendants.**

---

**ORDER**

Plaintiff, City of Sanford, Florida, has filed three separate motions for protective order and seeks to quash the non-party subpoenas duces tecum Defendant General Dynamics Corporation served on Carollo Engineers, Inc.; Geosyntec Consultants, Inc; Andreyev Engineering, Inc.; Ardaman and Associates, Inc.; Liquid Solutions Group, LLC; SMW Geosciences, Inc.; and WSP USA, Inc. Docs. 115, 116, 117 (collectively, the Motions). Plaintiff argues that the Motions are due to be quashed and the Court should enter a protective order because "[p]roduction may require disclosure of privileged material." *Id*. Plaintiff also contends that "[c]ommunications between Sanford and the Non-Parties made as consulting experts for the purpose of obtaining technical and engineering advice in connection with legal matters are protected." *Id*. Alternatively, Plaintiff requests that the Court modify the subpoena to exclude privileged documents and permit Plaintiff to "first review the documents, remove privileged ones, and serve a privilege log." *Id*.

Upon due consideration, the Motions are due to be denied. As an initial matter, the Motions are untimely filed. Plaintiff provides copies of the subpoenas, and all reflect that production was

due on March 6, 2026.  *See* Docs. 115, 116, 117.  Plaintiff, however, waited until the production deadline to seek relief.  Specifically, on March 5, 2026, Plaintiff filed an initial round of motions for protective orders, which the Court denied for failure to comply with the order on discovery motions.  Docs. 109 to 113.  At least with respect to non-party Carollo Engineers, Andreyev Engineering, Ardaman and Associates, Liquid Solutions Group, SMW Geosciences, and WSP USA's subpoenas, Defendant provides that it gave notice to Plaintiff of the subpoenas on February 12, 2026.  Docs. 119, 121.  As such, despite the notice, Plaintiff improperly waited until the eve of the deadline for production to move for relief.  *See* Middle District Discovery (2021) at § VII(A) ("Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, *i.e.*, without waiting until the discovery is due or almost due.").  Further, Defendant provides that Liquid Solutions and SMW Geosciences already produced responsive documents and, therefore, the Motions are moot with respect to them.

But assuming *arguendo* that Plaintiff's request is timely and not moot, the Court is still not convinced that relief is warranted.  The party asserting work product protection has the burden of proving the documents in question constitute work product.  *Auto Owners, Ins. Co.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990) (citation omitted).  "To meet this burden, '[t]he party claiming the privilege must provide the court with underlying facts demonstrating the existence of the privilege, which may be accomplished by affidavit. Unless the affidavit is precise to bring the document within the rule, the court has no basis on which to weigh the applicability of the claim of privilege.'"  *Aspen American Insur. Co.*, 2020 WL 10140951, at *4 (quoting *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011) (internal quotations omitted)).

In each Motion, Plaintiff argues that the subpoenas should be quashed because production of privileged material ***may*** occur.  Docs. 115, 116, 117.  Plaintiff states generically that documents

prepared in anticipation of litigation constitute work product and that Plaintiff has not waived any privilege to the material. *Id*. Plaintiff adds simply that the "subpoena seeks" documents related to drinking water systems, contaminants, engineering services, construction, and drinking treatment systems. *Id*. Plaintiff's conclusory and speculative statements do not assist the Court and do not meet the burden. *See* Fed. R. Civ. P. 45(e)(2)(A)(ii) ("A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: . . . describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."); *see also Aspen*, 2020 WL 10140951, a *4, 5 (denying a motion for protective order because the plaintiff did not attach an accompanying affidavit or description of the nature of the documents and stating that "the Court is left with nothing more than Plaintiff's blanket assertion that the documents are privileged"); *Eastwood Enters., LLC v. Farha*, 2010 WL 11508180, at *3 (M.D. Fla. Apr. 26, 2010) (stating that the moving party has the "burden to establish that a subpoena requires the disclosure of privileged or protected material" and finding that conclusory statements are "insufficient to justify quashing or modifying the subpoenas or entering a protective order") (citations omitted); *Dunedin Development Co., LLC v. City of Dunedin, Florida*, 2009 WL 10708337, at *2 (M.D. Fla. June 16, 2009) (finding that the plaintiffs' assertion that compliance may require disclosure of privileged and proprietary information was not enough to demonstrate good cause for a protective order related to a third-party subpoena); *Lauderhill Mall Inv., LLC v. Arch Specialty Ins. Co.*, 2014 U.S. Dist. LEXIS 193058, at *5 to 6 (S.D. Fla. July 29, 2014) (finding that a plaintiff's argument that one or more

files "may" contain material protected under the attorney client privilege or work product doctrine are "generalized discovery objections" that are "given little weight.").[1]

Further, Plaintiff's assertion that communications with Carollo Engineers are protected because the non-party is a consulting expert (Doc. 115) seems meritless.  Under Rule 26(b)(4)(D) states:

> Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

Based on that Rule, Plaintiff seeks to invoke the privilege to quash the subpoena.  Doc. 115. Defendant, however, argues that protection is unwarranted because Plaintiff has disclosed that Carollo Engineering is a testifying expert and has served an expert report and "reliance materials only after [Defendant] demanded them."  Doc. 119 at 2.  Defendant has attached Plaintiff's Rule 26(a)(2) expert disclosures which lists Dr. Erica D. Stone, PH.D., PE from Carollo Engineers as an expert who Plaintiff may use at trial to present evidence and testimony pursuant to Federal Rules of Evidence 702, 703, and 705.  Doc. 119-1.  Based on the foregoing, the Court is not satisfied that the material is protected under Rule 26(b)(4)(D).

---

[1] While the Court denied without prejudice Plaintiff's initial motions for protective order because they were not Short-Form Discovery Motions and, therefore, Plaintiff violated the Order on Discovery Motions (*See* Doc. 113), Plaintiff does not request in the instant Motions leave to file full briefs or request an evidentiary hearing.  *See* Docs. 115, 116, 117.  Notably, the Order on Discovery Motions provides that "[i]n the Motion or response, a party may request additional briefing, but such a request must accompany, and not replace, the substantive argument."  Doc. 10 at 1.  Accordingly, the Court must consider the Motions as submitted.  Nevertheless, in an abundance of caution, the Court looked back to the initial motions (Docs. 109, 110, 112) to see whether they added anything substantive to satisfy Plaintiff's initial burden for protection.  They do not.  Thus, the Court notes that Plaintiff did not request additional briefing or a hearing, and there appears to be no basis to require additional briefing or a hearing *sua sponte*.

And to the extent Plaintiff contends that the other non-parties qualify as consulting experts, Plaintiff has not satisfied its initial burden of demonstrating that the protection is applicable. Plaintiff's conclusory statement that these entities are consulting experts for the purpose of obtaining technical and engineering advice is not enough. *See Montes v. Liberty Mut. Fire Ins. Co.*, 2023 WL 2743210, at *3 (M.D. Fla. Mar. 31, 2023) (rejecting the plaintiffs' argument that a subpoena should be quashed under Rule 26(b)(4)(D) because the plaintiffs failed to establish with evidence that the plaintiffs retained or specially employed an entity in anticipation of litigation or to prepare for trial).

Finally, it may be that Plaintiff fails to meet its burden because it does not know fully the nature of the documents subject to the production, as evidenced by Plaintiff's alternative request to view the documents. Again, Plaintiff alternatively requests that the Court "permit" Plaintiff to "first review" the documents, remove the privileged information, and serve a log. Plaintiff, however, cites to no authority as the basis for this relief and the Court questions whether the procedure is appropriate under Ruled 45.

Instead, "Rule 45(e)(2)(A) . . . allows the person or entity responding to the subpoena to claim privilege and submit a privilege log to establish the privilege." *Lauderhill Mall*, 2014 U.S. Dist. LEXIS 193058, at *6. And Rule 45(e)(2)(B) also provides that "[i]f information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; . . . and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim." Without citation to the

legal basis for Plaintiff's alternative relief, the Court finds that Rule 45's provisions allowing for non-party production of a privilege log and a means for Plaintiff to "clawback" disclosed material, if necessary, seems to be the proper procedure for handling non-party production.

It is **ORDERED** that Plaintiff's Motions (Docs. 115, 116, 117) are **DENIED**.

**ORDERED** in Orlando, Florida on March 24, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

- 6 -