UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CITY OF SANFORD, FLORIDA, A
MUNICIPAL CORPORATION; AND
STATE EX REL., CITY OF
SANFORD, FLORIDA, A
MUNICIPAL CORPORATION;

      **Plaintiffs,**

    v.                                                              Case No.:  6:24-cv-01983-AGM-DCI

GENERAL DYNAMICS
CORPORATION, A FOREIGN
CORPORATION;  SIEMENS
CORPORATION, A FOREIGN
CORPORATION;  MONI
HOLDINGS LLC, A FOREIGN
CORPORATION;  SIEMENS
CARRIER NETWORKS, LLC, A
FOREIGN CORPORATION;
SIEMENS REAL ESTATE, INC., A
FOREIGN CORPORATION; AND
GENERAL DYNAMICS LAND
SYSTEMS, INC., A FOREIGN
CORPORATION;

      **Defendants.**

---

### ORDER

On review of the file, the jurisdictional allegations contained in the Notice of Removal

filed by Defendant General Dynamics (Doc. # 1) are insufficient to satisfy the Court that it

has subject matter jurisdiction.  Consistent with its obligation to inquire into the existence of

its subject matter jurisdiction, *see Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279-80 (11th

Cir. 2001), and "in the hope of preventing the needless expenditure of litigant and judicial

resources that occurs when a case proceeds . . . in the absence of subject matter jurisdiction[,]" *Zambelli Fireworks Manufacturing Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010), General Dynamics is directed to address whether the City of Sanford is an "arm or alter ego of the State," pursuant to *Galette v. New Jersey Transit Corp.*, 146 S. Ct. 854 (2026).

In *Galette*, which was decided after the Notice of Removal was filed, the Supreme Court clarified that "[w]hether an entity is 'an arm of the State . . . is a question of federal law' that 'can be answered only after considering the provisions of state law that define the [entity]'s character.'" *Id.* at 865.[1]  Here, the Notice of Removal alleges that, as a municipal corporation, the City of Sanford is a citizen of the State of Florida for diversity purposes "unless [it is] simply an 'arm or alter ego of the State.'"  (Doc. # 1 at 4 (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999))).  However, the Notice of Removal does not address whether the City of Sanford is "formally liable for [its] own judgments."  *Galette*, 146 S. Ct. at 875.

Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction is not a mere academic or make-work exercise.  *See Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1316–17 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member);

---

[1] The failure to adequately allege diversity jurisdiction is a common issue in federal court, *see Wilkins v. Stapleton*, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar[]"), but in this instance the Court specifically acknowledges that the issue it raises stems from a case decided by the United States Supreme Court after the Notice of Removal was filed.

*see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort.  We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants.  In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction.  We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Given that additional briefing is already required for subject matter jurisdiction purposes, the parties are invited to also brief what effect, if any, *Galette*'s arm-of-the-state analysis has on the arguments related to the City of Sanford's standing.  (*See, e.g.*, Doc. # 83 at 6.)

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1.    In a brief not to exceed three pages, General Dynamics is **DIRECTED** to address the City of Sanford's citizenship for diversity purposes, in light of *Galette v. New Jersey Transit Corporation*, 146 S. Ct. 854 (2026).  General Dynamics's brief

3

is due by April 30, 2026.  By the same deadline, the City of Sanford may (but is not required to) file a brief of the same length addressing its citizenship;

2.    If General Dynamics fails to timely satisfy the Court that it has diversity jurisdiction, then the case may be remanded.  *See City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."); and

3.    Any party that wishes to address the impact of *Galette* on the City of Sanford's standing may do so in a brief not to exceed five pages filed no later than April 30, 2026.

**DONE** and **ORDERED** in Chambers in Orlando, Florida, on April 16, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel of Record

4