## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CITY OF SANFORD, FLORIDA,    )
a municipal corporation; *et al.*,    )
    Plaintiffs,    )
    )
v.    )  Case No.: 6:24-cv-01983-AGM-DCI
    )
GENERAL DYNAMICS    )
CORPORATION, a foreign    )
corporation; *et al.*,    )
    )
    Defendants.    )
    )

### DEFENDANTS' MOTION TO COMPEL

Defendants, pursuant to Fed. R. Civ. P. 37, move the Court for an Order compelling Plaintiff to provide (1) full responses and documents in response to Defendants' discovery requests and (2) information required by Rule 26(a)(2)(C) for expert witnesses. Defendants also request an extension of their expert deadlines in light of these deficiencies. Defendants state:

### Discovery

On December 23, 2025, Defendants served Plaintiff with multiple discovery requests ("Subject Discovery"). Composite Exhibit "A". Plaintiff failed to timely respond, waiving all objections but privilege. Smith v. Ceres Marine Terminals, Inc., 2021 WL 2109111, at *1 (M.D. Fla. May 25, 2021).

Plaintiff finally served its responses to the Subject Discovery ("Responses") on March 12, 2026, and later produced only 1,200 documents[1] in .pdf format. Composite Exhibit "B". Plaintiff's Responses and document production remain deficient in numerous ways:

(1)    failing to produce all responsive documents to the Subject Discovery;

(2)    failing to produce documents (a) as kept in the ordinary course of business or organized and labeled to correspond to the individual requests and (b) in native format with metadata intact, Fed. R. Civ. P. 34(b)(2)(E)(i)-(ii); and

(3)    making privilege objections without producing a log.

**Hybrid Expert Witnesses**

Plaintiff initially served its Expert Disclosures on December 5, 2025, listing three hybrid experts[2] but failing to include the information required by Rule 26(a)(2)(C). Exhibit "C". In response to Defendants' arguments, Plaintiff not only failed to adequately supplement its disclosures for its existing hybrid witnesses but identified two *additional* hybrid witnesses - well after the expert disclosure deadline. Exhibit "D". In both cases, the Defendants explained that the disclosures were inadequate. Composite Exhibit "E".

Plaintiff rejected Defendants' demands to cure these deficiencies. Such delays in providing discovery and sufficient expert disclosures prejudice Defendants and their

---

[1] For example, Plaintiff has produced less than 50 emails. During the parties' conferrals, Plaintiff acknowledged that it failed to collect and produce all responsive documents.

[2] Plaintiff has disclosed its attorney, Jacob Varn, as one of its expert hybrid witnesses *and* has expressed an intent to present him as a 30(b)(6) witness. Defendants reserve all rights with respect to this witness.

experts (whose reports are due on July 17, 2026). Plaintiff must be compelled to comply with its discovery obligations and expert disclosures. Accordingly, the Court should:

(1) overrule Plaintiff's waived objections to the Subject Discovery,

(2) direct Plaintiff to produce all documents and ESI responsive to the Subject Discovery including documents in native format with metadata no later than June 1, 2026,

(3) require Plaintiff to comply with Rule 34 by identifying which documents are responsive to which requests,

(4) direct Plaintiff to provide a privilege log and unredacted documents,

(5) require Plaintiff to provide sufficient expert disclosures,

(6) extend Defendants' expert disclosure deadline to September 18, 2026, and

(7) award Defendants their attorneys' fees incurred in bringing this Motion.

Defendants request a hearing and/or supplemental briefing to better explain Plaintiff's deficiencies.

## Local Rule 3.01(g) Certificate

Undersigned counsel certifies that on January 5, 2026, January 13, 2026, January 20, 2026, January 27, 26, February 2, 2026, March 5, 2026, March 26, 2025, April 2, 2026, and April 29, 2026 counsel for Defendants conferred with counsel for Plaintiff via telephone/Zoom. The substance of these multiple conferrals is reflected in the written communications attached hereto as Composite Exhibits "E" and

3

"F". Unfortunately, the parties could not reach agreement on the many issues outlined above, and the existing pre-trial deadlines require Defendants to seek assistance of the Court at this time.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of May 2026, I electronically filed the foregoing **Defendants' Motion to Compel** the Clerk of the Court by using the CM/ECF system, which will send an electronic copy to the following:

David H. Simmons, Esquire
Florida Bar No. 240745
Daniel J. O'Malley, Esquire
Florida Bar No. 124450
Ryan H. Wisneski, Esquire
Florida Bar No. 119634
de Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Email: Dsimmons@dsklawgroup.com
      Domalley@dsklawgroup.com
      Hrash@dsklawgroup.com
      Rwisneski@dsklawgroup.com

*Counsel for Plaintiff*

| | |
|---|---|
| /s/ *I. William Spivey, II* | /s/ *Daniel C. Johnson* |
| I. William Spivey, II, Esquire | Daniel C. Johnson, Esquire |
| Florida Bar No. 701076 | Florida Bar No. 522880 |
| GREENBERG TRAURIG, P.A. | CARLTON FIELDS, P.A. |
| 405 S. Orange Ave., Suite 650 | 200 S. Orange Ave., Suite 1000 |
| Orlando, Florida 32801 | Orlando, Florida 32801 |
| Telephone: (407) 402-1000 | Telephone: (407) 849-0300 |
| Email: spiveyw@gtlaw.com | Email: djohnson@carltonfields.com |
|     nef-iws@gtlaw.com | |
|     orllitdock@gtlaw.com | |
| | |
| and | and |

4

Christopher Torres, Esquire
Florida Bar 0716731
Danielle S. Kemp, Esquire
Florida Bar No. 0474355
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Email: torresch@gtlaw.com
　　　　kempd@gtlaw.com

*Counsel for General Dynamics
Corporation*

/s/ *Joseph A. DeMaria*
Joseph A. DeMaria, Esquire
Florida Bar No. 764711
FOX ROTHSCHILD LLP
One Biscayne Tower, Suite 2750
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 442-6547
Email: jdemaria@foxrothschild.com

and

Diane Westwood Wilson, Esquire
*Admitted Pro Hac Vice*
FOX ROTHSCHILD LLP
101 Park Avenue, Suite 1700
New York, New York 10178
Telephone: (212) 878-1431
Email: dwilson@foxrothschild.com

*Counsel for MONI Holdings LLC*

Dylan Sanders, Esquire
*Admitted Pro Hac Vice*
BEVERIDGE & DIAMOND, PC
155 Federal Street, Suite 1600
Boston, Massachusetts 02110
Telephone: (617) 419-2300
Email: dsanders@bdlaw.com

*Counsel for Siemens Corporation*

5