**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STANDING ORDER REQUIRING DISCLOSURE**
**OF THE USE OF ARTIFICIAL INTELLIGENCE**

This Order requires that every filing must contain a certification whether artificial intelligence was used in the preparation of the filing.

**I.     Purpose**

The Middle District of Florida is one of the busiest United States District Courts in the nation.  Artificial intelligence is, at times, obviously used in filings submitted to this Court.  While there is no rule that prohibits the use of artificial intelligence, whether a filer is a licensed attorney or represents himself or herself, it is imperative that every filer understand the risks and potential consequences associated with the use of artificial intelligence.  Among other things, the use of artificial intelligence can result in the generation of a filing that relies on cases that do not exist, or that could not reasonably be considered supportive of the argument.  The Federal Rules of Civil Procedure govern the filings in this case, and Rule 11 states that

> *[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:*
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) *the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11, Fed. R. Civ. P. (emphasis added).   Unfortunately, the use of artificial intelligence can easily lead to submission of filings without the required consideration of whether "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  When this happens, the cost is asymmetric.  That is, the filing was easy to prepare, but forces the taxpayers to incur a real cost by directing the Court's finite resources to consider a filing that is not supported by existing law.  If those resources are expended only to arrive at the conclusion that a cited case does not exist—or could not reasonably be said to stand for the cited proposition—then whether the filer is pro se or a licensed attorney, sanctions may be entered against the filer under Rule 11.  Those sanctions may include an efficient sanction meant to exceed the cost of conducting the necessary legal research.  To facilitate every filer's inescapable recognition of his or her obligations under Rule 11, and because the Federal Rules of Civil Procedure are to be construed in a manner to "secure the just, speedy, and inexpensive determination of every action and proceeding," Rule 1, Fed. R. Civ. P., any filing in this case may be stricken if it fails to be accompanied by an affirmative representation to the Court about the use of artificial intelligence.

2

**II.     Failure to Include Certification**

Any filing that does not contain one of the two permissible certifications below, verbatim, may be stricken. If the filing is a motion, complaint, or petition, then the relief requested may be denied without prejudice.

**III.    Doubts to be Resolved in Favor of Disclosure**

If a filer is unsure whether anything used in the preparation of the filing might be considered "artificial intelligence," the filer should select the certification language for when artificial intelligence was used. The certification disclosing the use of artificial intelligence includes a section where the filer must explain what artificial intelligence was used, and after that explanation the filer may note any uncertainty about whether what was used qualifies as "artificial intelligence." Every doubt about whether something is "artificial intelligence" should be resolved in favor of disclosure that artificial intelligence was used.

**IV.    Verbatim Disclosure Required**

The acceptable certification language is below. No other form of certification is permitted. Although the law recognizes substantial compliance in some contexts, here only strict compliance will be recognized because it is an inefficient use of the Court's finite resources to analyze what latent significance there may be in "substantially compliant" certifications.

**V.     Use of Traditional Legal Research or Traditional Search Engines**

For avoidance of doubt, the traditional use of Westlaw or LexisNexis for legal research (together, "Traditional Legal Research") or the use of a search engine like Google,

Brave, DuckDuckGo, Yahoo, or Bing for other research (together, "Traditional Search Engines"), is not considered use of artificial intelligence that must be disclosed for the purposes of this Standing Order.  If (1) the filer used either Traditional Legal Research or a Traditional Search Engine but (2) no other form of artificial intelligence was used, then it is acceptable to select and use the Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing.  *See* Section VI.A.

VI.    **Contents of Certification**

A.  **If Artificial Intelligence Was Not Used**

If artificial intelligence was not used in the preparation of the filing (or if the only artificial intelligence used was Traditional Legal Research or a Traditional Search Engine), then the certification must state, verbatim:

<u>**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**</u>

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence.  After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way.  I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing.  If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure.  I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11.  If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended.  Further, whether I represent myself or

I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## B. If Artificial Intelligence Was Used

If any form of artificial intelligence (other than Traditional Legal Research or a Traditional Search Engine) was used in preparation of the filing, then the certification must state, verbatim:

### Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: [*insert description*]. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## VII. Ultimate Responsibility for Truth of Certification

The ultimate responsibility for the truth of the certification lies with the person who signs the filing. Consequently, the person who signs the filing should take whatever

steps are necessary to be certain that the certification is true. If a filing contains reference to a case that does not exist or does not reasonably stand for the cited proposition, it will be no defense that the document was drafted by someone other than the person who signed the filing.

## VIII. Requirements for Motions Filed Prior to Entry of This Standing Order/Safe Harbor/Certification of Compliance With Rule 11

If documents were filed in this case prior to the entry of this Standing Order, Rule 11 applied to those filings. The purpose of this section is to, with respect to every document filed prior to the entry of this Standing Order, (1) confirm compliance with Rule 11 and (2) grant a limited safe harbor to counsel and pro se parties who filed documents prior to this Standing Order that may not have complied with Rule 11. To that end, if, in an abundance of caution, counsel or a pro se litigant wishes to withdraw a filing within the next ten days, withdrawal of the filing will be permitted pursuant to this section. Leave to re-file the withdrawn filing may be requested with reference to this section. If, on consideration of Rule 11, this Standing Order, and the filings made in this case, the filer is confident that either (1) artificial intelligence was not used, or (2) artificial intelligence was used but every cited authority was personally reviewed by the filer, then the following certification should be filed no later than ten days from the date this Standing Order is entered on the docket:

### Certification of Compliance With Rule 11

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries [*insert docket numbers*], by my signature below I confirm under penalty of perjury that either (1) artificial intelligence was not used in the preparation of the

6

filing or, (2) if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing.

**IX.    Failure to Timely Certify Under Section VIII or Withdraw Filing**

Filings may be stricken without prejudice if, within ten days of the date this Standing Order is entered, (1) no Certification of Compliance With Rule 11 appears on the docket with reference to that filing and (2) the filing was not timely withdrawn pursuant to this Standing Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 27, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies to:**
Counsel of Record
Unrepresented Parties