**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CITY OF SANFORD, FLORIDA, a )
Municipal corporation; *et al.*, )
    Plaintiffs, )
     )
v. )    Case No.: 6:24-cv-01983-AGM-DCI
     )
GENERAL DYNAMICS )
CORPORATION, a foreign )
corporation; *et al.*, )
     )
    Defendants. )
     )

**DEFENDANTS' UNOPPOSED MOTION FOR THE ENTRY OF AN
ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)
AND INCORPORATED MEMORANDUM OF LAW**

Defendants hereby move this Court to approve and adopt under Federal Rule of Evidence 502(d) an order that memorializes the parties' agreement regarding the protections to be afforded to discovery items covered by the attorney-client privilege and/or the work-product doctrine. *See* Fed. R. Evid. 502(d); M. D. Fla. Discovery Handbook Sec. VI(C).

**Introduction**

The parties are currently participating in discovery and have agreed on language to limit the waiver of attorney-client privilege and work-product protection under Federal Rule of Evidence 502(d) ("Rule 502(d)"). Pursuant to the Middle District of Florida Discovery Handbook, such language must be approved by the

1

Court.  *See* M. D. Fla. Discovery Handbook Sec. VI(C) ("An agreement among the parties in a case to limit waiver under Rule 502 is binding only if incorporated in a court order under Rule 502(d).").  The parties have come to an agreement on the Rule 502(d) language and request that the Court enter an order incorporating such language.

## **Argument**

Federal Rule of Evidence 502(d) states that "[a] federal court may order that the [attorney-client] privilege or [work-product] protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d).  As the Rule makes clear, the decision on whether to enter an order pursuant to Rule 502(d) is discretionary.  *Id.*  However, "[f]ederal courts, including those in Florida[,] routinely enter such orders upon [the] request of the parties." *Diaz v. Chapters Health Sys., Inc.*, No. 8:18-cv-3052-T-36-SPF, 2019 WL 1498873, at *1 (M.D. Fla. Apr. 1, 2019) (collecting cases).  Courts in the Middle District of Florida regularly memorialize such agreements and incorporate such agreements in court orders.  *See, e.g.*, *Saunders v. Signature Flight Support, LLC*, No. 6:23-CV-230-RBD-LHP, 2023 WL 2499152 (M.D. Fla. Mar. 14, 2023) (granting unopposed motion for entry of Rule 502(d) order); *Taylor v. Citizens*

*Telecom Servs. Co., LLC*, No. 8:20-CV-509-T-36CPT, 2020 WL 7974309, at *1

(M.D. Fla. Dec. 21, 2020) (granting joint motion for entry of Rule 502(d) order).

Here, the parties have agreed upon the following language with respect to

Rule 502(d):

> **Non-Waiver of Attorney-Client Privilege and Work Product Protection.**
> Pursuant to Federal Rule of Evidence 502(d), the disclosure in this proceeding, including during discovery or trial, of any document that is protected by the attorney-client privilege or work product protection, as defined in Fed. R. Evid. 502(g), shall not be asserted or deemed by a Party to be a waiver of the privilege or protection in the above-captioned case, or in any other federal or state proceeding, for either that document or the subject matter of that document, unless a Party affirmatively uses the document in support of that Party's claim or defense, in which event the scope of any waiver shall be determined by Fed. R. Evid. 502(a). The Parties intend that this agreement shall displace the provisions of Fed. R. Evid. 502(b). That is, except where a producing Party has affirmatively used a disclosed document to support its claims or defenses, the producing Party may claw back a document and will not need to demonstrate that the disclosure was inadvertent, or that the producing Party took reasonable steps to prevent disclosure.

Accordingly, the Defendants respectfully request that the Court exercise its

discretion under Rule 502(d) and enter an order memorializing and incorporating the

parties' agreement regarding the non-waiver of attorney-client privilege and work-

product protection.  Such an order would facilitate information sharing and limit

future litigation regarding the issue of privilege.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant this unopposed motion and enter an order under Federal Rule of Evidence 502(d) memorializing the parties' agreement regarding the protection of attorney-client privileged and work-product materials.

## RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g) counsel for General Dynamics Corporation met and conferred with counsel for the City of Sanford by telephone on July 24, 2026 and electronic mail on July 20, 2026 regarding the motion, and the City of Sanford does not oppose the requested relief.

/s/ *I. William Spivey, II*
Attorney

## Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the

4

tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ *I. William Spivey, II*
Attorney

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 24th day of July 2026, I electronically filed the foregoing **Defendants' Unopposed Motion for the Entry of an Order Pursuant to Federal Rule of Evidence 502(d) and Incorporated Memorandum of Law** with the Clerk of the Court by using the CM/ECF system, which will send an electronic copy to the following:

David H. Simmons, Esquire
Florida Bar No. 240745
Daniel J. O'Malley, Esquire
Florida Bar No. 124450
Ryan H. Wisneski, Esquire
Florida Bar No. 119634
de Beaubien, Simmons, Knight, Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Email: Dsimmons@dsklawgroup.com
       Domalley@dsklawgroup.com
       Hrash@dsklawgroup.com
       Rwisneski@dsklawgroup.com

*Counsel for Plaintiff*

| | |
|---|---|
| /s/ *I. William Spivey, II* | /s/ *Daniel C. Johnson* |
| I. William Spivey, II, Esquire | Daniel C. Johnson, Esquire |
| Florida Bar No. 701076 | Florida Bar No. 522880 |
| GREENBERG TRAURIG, P.A. | CARLTON FIELDS, P.A. |
| 405 S. Orange Ave., Suite 650 | 200 S. Orange Ave., Suite 1000 |

Orlando, Florida 32801
Telephone: (407) 402-1000
Email: spiveyw@gtlaw.com
        nef-iws@gtlaw.com
        orllitdock@gtlaw.com

and

Christopher Torres, Esquire
Florida Bar 0716731
Danielle S. Kemp, Esquire
Florida Bar No. 0474355
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Email: torresch@gtlaw.com
        kempd@gtlaw.com

*Counsel for General Dynamics Corporation*

/s/Joseph A. DeMaria
Joseph A. DeMaria, Esquire
Florida Bar No. 764711
FOX ROTHSCHILD LLP
One Biscayne Tower, Suite 2750
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 442-6547
Email:
jdemaria@foxrothschild.com

and

Diane Westwood Wilson, Esquire
*Admitted Pro Hac Vice*
FOX ROTHSCHILD LLP
101 Park Avenue, Suite 1700

Orlando, Florida 32801
Telephone: (407) 849-0300
Email:
djohnson@carltonfields.com

and

Dylan Sanders, Esquire
*Admitted Pro Hac Vice*
BEVERIDGE & DIAMOND, PC
155 Federal Street, Suite 1600
Boston, Massachusetts 02110
Telephone: (617) 419-2300
Email: dsanders@bdlaw.com

*Counsel for Siemens Corporation*

6

New York, New York 10178
Telephone: (212) 878-1431
Email:
dwilson@foxrothschild.com

*Counsel for MONI Holdings LLC*

7