UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CITY OF SANFORD, FLORIDA, a
municipal corporation; *et al.*,

      Plaintiffs,

v.

GENERAL DYNAMICS
CORPORATION, a foreign corporation,
*et al.*,

      Defendants.

Case No.: 6:24-cv-01983-AGM-DCI

## AGREED MOTION TO EXTEND CASE MANAGEMENT AND SCHEDULING ORDER DEADLINES AND CONTINUE TRIAL FOR FIVE MONTHS

Plaintiff, CITY OF SANFORD, FLORIDA and STATE *EX REL.*, CITY OF SANFORD, FLORIDA ("Plaintiff"), and Defendants, GENERAL DYNAMICS CORPORATION, SIEMENS CORPORATION, and MONI HOLDINGS LLC ("Defendants"), have agreed to move under Fed. R. Civ. P. 16(b)(4) for entry of an order modifying the expert disclosure dates set forth in the June 4, 2026 Order (D.E. 143), the case management deadlines, and the trial term set forth in the February 23, 2026 Order (D.E. 108), which revised the initial schedule in the February 12, 2025, Case Management and Scheduling Order ("CMSO") (D.E. 65). Good cause exists for this requested extension and continuance, and judicial economy is benefitted.

## PRELIMINARY STATEMENT

This is a complex environmental case in which Plaintiff has sued the Defendants, alleging contamination from a legacy electronics manufacturing facility in Lake Mary, Florida that operated over several decades and ceased operations in 2003. Plaintiff alleges that the contamination has impacted the groundwater used to supply the drinking water supplied to Plaintiff's citizens and customers. Plaintiff brings seven causes of action against Defendants alleging that the drinking water of the City of Sanford, Florida has been and continues to be contaminated. Defendants deny the allegations. Resolution or adjudication of this case requires substantial expert testimony and analysis from multiple disciplines, and the parties expect that the proof at trial will be highly technical.

In addition to involving numerous parties and complex legal and factual issues, the case is currently not at issue, answers are unfiled, multiple motions to dismiss remain pending,  and critical discovery remains to be completed. The parties have acted diligently and productively, but the current schedule is no longer reasonable or feasible under the circumstances. Accordingly, additional time is necessary to ensure a fair and just resolution of the claims and defenses, and to allow the parties to engage in a meaningful second mediation following the conclusion and analysis of expert disclosures (which the parties are cooperatively ensuring is comprehensive), the close of expert and fact discovery, and the filing of dispositive motions.

## PROCEDURAL HISTORY

Plaintiff filed this action in the Circuit Court for the Eighteenth Judicial Circuit in and for Seminole County, Florida, on October 17, 2024. (D.E. 1.) On October 31, 2024, General Dynamics removed the case from state court to federal court. (*Id.*) Plaintiff moved to remand the case to state court on December 2, 2024 (D.E. 35), which Defendants jointly opposed (D.E. 49). On February 11, 2025, this Court denied Plaintiff's motion to remand as moot after Plaintiff orally withdrew the motion at the case management scheduling conference (*see* D.E. 64).

Defendants moved to dismiss Plaintiff's complaint. (D.E. 51, 53, 56.) These motions were filed in January 2025. Plaintiff filed an Amended Complaint in March 2025, consequently mooting the motions to dismiss. (D.E. 69.) Defendants moved to dismiss the Amended Complaint in May 2025, and the parties have fully briefed those motions. (D.E. 82, 83, 85 (the "Motions to Dismiss")). The Motions to Dismiss remain pending. The case was then reassigned to The Honorable Anne-Leigh Gaylord Moe on October 31, 2025. (D.E. 104.)

While the Motions to Dismiss remain pending, the parties have nonetheless engaged in substantial discovery efforts, including exchanging initial disclosures, responding to pending written discovery requests, producing massive volumes of documents, making voluntary disclosures of information to each other, and meeting and conferring regularly to address discovery and other case management issues. The parties are now coordinating certain depositions but need to continue to digest and

analyze the massive discovery productions before taking those depositions. Also, expert depositions cannot be set until all expert reports have been completed.

## ARGUMENT

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court enjoys broad discretion in managing its docket, including scheduling and discovery. *See Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002); *Abdullah v. City of Jacksonville*, 242 Fed. App. 661, 664 (11th Cir. 2007).

For instance, courts in this district have considered scheduling issues and unforeseen delays in discovery when deciding whether to grant motions to extend case management deadlines. *E.g. Saadi v. Maroun*, 2021 WL 8650784, at *2 (M.D. Fla. Jan. 21, 2021) (granting motion to extend discovery deadlines to allow parties to reschedule depositions). Courts also consider whether a motion to extend deadlines is opposed when deciding whether to grant such a request. *See, e.g.*, *LeBlanc v. Unifund CCR Partners, G.P.*, 2007 WL 2446900, at *3 (M.D. Fla. Aug. 23, 2007) ("As to Defendants' request for an extension of the discovery and dispositive motion deadlines, Plaintiff does not object to the request. Accordingly, the motion is granted[.]"). Here, the motion to extend is agreed to by the parties.

Good cause exists for the requested extension and trial continuance due to the: (1) complexity and magnitude of the case; (2) pendency of multiple motions to dismiss, meaning the case is not yet at issue and the ultimate claims and defenses are undetermined; (3) ongoing cooperative discovery activity, including continuing

4

production and review of voluminous party and non-party records; (4) need for additional time to conduct meaningful expert discovery and a second round of mediation; and (5) fact that the parties have been diligently and cooperatively pursuing discovery and expert disclosures so that the case may be resolved on its merits.

## I.    THE DEADLINES SHOULD BE EXTENDED BECAUSE THE CASE IS NOT YET AT ISSUE.

Although the discovery deadline is fast approaching, this case is not yet at issue. *See Am. Registry, LLC v. Hanaw*, Case No. 2:13-cv-352-FtM-29CM, 2014 WL 1478788, at *1 (M.D. Fla. Apr. 15, 2014) (granting an extension of deadlines because the case was not yet at issue). The Motions to Dismiss remain unresolved, and as the claims and defenses are not fully known, the scope of ongoing discovery and mediation remains undefined.

## II.   AN ADDITIONAL FOUR MONTHS IS NEEDED TO COMPLETE DISCOVERY AND TO PROVIDE THE PARTIES THE OPPORTUNITY TO ENGAGE IN A MEANINGFUL SECOND ROUND OF MEDIATION FOLLOWING THE COMPLETION OF EXPERT DISCLOSURES, DISCOVERY, AND THE FILING OF DISPOSITIVE AND *DAUBERT* MOTIONS.

The parties have been diligently working towards completing discovery by the current deadline: October 16, 2026 (inclusive of expert discovery). At this juncture, it would be overly burdensome for the parties to complete discovery by this date due to ongoing discovery and expert disclosures, the volume of party and non-party records, and the number of expected depositions.[1] It is also difficult for the parties to complete

---

[1]    Courts routinely extend not just discovery deadlines, but all case deadlines upon request. *See, e.g.*, *Harrington v. Roundpoint Mortg. Servicing Corp.*, 2016 WL 7473426, at *3 (M.D. Fla. Dec. 28, 2016)

adequate expert disclosures, which are crucial to the adjudication and resolution of this case. Accordingly, the parties request an approximate four-month extension of discovery, with a commensurate extension of all remaining CMSO deadlines, including dispositive motions and trial deadlines.

If the requested extension is granted, the Court's CMSO (D.E. 65) and its February 23 (D.E. 108) and June 4, 2026 (D.E. 143) Orders would be modified as follows:

| | Current Deadlines | Proposed Deadlines |
| --- | --- | --- |
| **Defendants' Expert Disclosures** | September 18, 2026 | October 30, 2026 |
| **Plaintiff's Rebuttal Expert Disclosures** | October 8, 2026 | December 18, 2026 |
| **Discovery Deadline** | October 16, 2026 | February 26, 2027 |
| **Dispositive and *Daubert* Motions** | November 2, 2026 | March 26, 2027 |
| **Second Mediation** | January 1, 2027 | January 1, 2027 |
| **All other Motions including Motions in Limine** | February 5, 2027 | May 14, 2027 |
| **In Person Meeting to Prepare Joint Final PTS** | February 26, 2027 | June 11, 2027 |
| **Joint Final PTS, Joint Proposed Jury Instructions, Verdict Form, Voir Dire Questions, Witness List, Exhibit List, and Trial Briefs** | March 8, 2027 | June 25, 2027 |
| **Trial Status Conference** | March 9, 2027 | TBD – July 2027 |
| **Trial Term** | April 5, 2027 | September 8, 2027 |

---

("Because the Court is extending the discovery deadline, the Court finds that good cause exists to extend the other remaining case management deadlines, including the trial term.").

## III.   THE PARTIES HAVE CLIENT CONSENT TO THE REQUESTED CMSO MODIFICATIONS, INCLUDING THE CONTINUANCE OF THE TRIAL TERM.

The undersigned counsel certify that their clients consent to the requested deadline modifications to the CMSO and February 23 and June 4, 2026 Orders, including the continuance of the trial term.

WHEREFORE, the parties request that the Court enter an order modifying the Case Management and Scheduling Order (D.E. 65), the February 23, 2026 Order (D.E. 108), and the June 4, 2026 Order (D.E. 143) deadlines as requested in this motion.

/s/ *David H. Simmons*

David H. Simmons
Florida Bar No. 240745
DSimmons@dsklawgroup.com
CBuffington@dsklawgroup.com
Daniel J. O'Malley
Florida Bar No. 0124450
DOmalley@dsklawgroup.com
CBuffington@dsklawgroup.com
Ryan H. Wisneski
Florida Bar No. 119634
RWisneski@dsklawgroup.com
JBrowning@dsklawgroup.com
**DE BEAUBIEN, SIMMONS, KNIGHT, MANTZARIS & NEAL, LLP**
332 North Magnolia Avenue
Orlando, FL 32801
Telephone: (407) 422-2454
Facsimile: (407) 422-0970

*Attorneys for City of Sanford, Florida, and State ex rel., City of Sanford, Florida*

/s/ *I. William Spivey, II*

I. William Spivey, II
Florida Bar No. 701076
spiveyw@gtlaw.com
**GREENBERG TRAURIG, P.A.**
405 S. Orange Ave., Suite 650
Orlando, FL 32801
Telephone: (407) 402-1000
Facsimile: (407) 420 -5909

Christopher Torres
Florida Bar 0716731
torresch@gtlaw.com
Danielle S. Kemp
Florida Bar No. 0474355
kempd@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Attorneys for General Dynamics Corporation and General Dynamics Land Systems, Inc.*

7

/s/ *Joseph A. Demaria*

Joseph A. Demaria, B.C.S.
Florida Bar No. 764711
JDeMaria@FoxRothschild.com
**FOX ROTHSCHILD LLP**
One Biscayne Tower, Suite 2750
2 South Biscayne Blvd.
Miami, FL 33131
Telephone: 305.442.6547

and

Diane Westwood Wilson
Specially Admitted
DWilson@FoxRothschild.com
**FOX ROTHSCHILD LLP**
101 Park Avenue, Suite 1700
New York, NY 10178
Telephone: 212.878.1431

*Attorneys for MONI Holdings LLC*

/s/ *Dylan Sanders*

Dylan Sanders
Specially Admitted
**BEVERIDGE & DIAMOND, P.C.**
155 Federal Street, Suite 1600
Boston, MA 02110
(617) 419-2300 (t)
dsanders@bdlaw.com

and

Daniel C. Johnson
Florida Bar No. 522880
**CARLTON FIELDS, P.A.**
200 S. Orange Ave., Ste 1000
Orlando, FL 32801
(407) 849-0300
Djohnson@carltonfields.com

*Attorneys for Siemens Corporation, Siemens Communications, Inc., Siemens Information and Communications Networks, Inc., Siemens Telecom Networks, LLC, Siemens Telecom Networks, and Siemens Real Estate, Inc.*

## LOCAL RULE 3.01(g) CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), the parties have conferred on and consented to the relief requested by this motion on July 30, 2026.

/s/ *David H. Simmons*
Attorney

8

**CERTIFICATION UNDER PENALTY OF PERJURY THAT
ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE
PREPARATION OF THIS FILING**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ *David H. Simmons*
Attorney

## CERTIFICATE OF SERVICE

I certify that on July 30, 2026, I electronically filed the foregoing with the Clerk

of the Court by using the CM/ECF system, which will send a notice of electronic filing

to counsel of record.

/s/ *David H. Simmons*
Attorney

9