# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CITY OF SANFORD, FLORIDA
and STATE EX REL., CITY OF
SANFORD, FLORIDA,**

        **Plaintiffs,**

**v.**                                              **Case No: 6:24-cv-1983-AGM-CAB**

**GENERAL DYNAMICS
CORPORATION, SIEMENS
CORPORATION, and MONI
HOLDINGS, LLC,**

        **Defendants.**

_____/

## ORDER

This cause comes before the Court on Defendants' Unopposed Motion for the Entry of an Order Pursuant to Federal Rule of Evidence 502(d) (Doc. 151), filed July 24, 2026.

Federal Rule of Evidence 502 states that a federal court may order that attorney-client privilege or work product protection "is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). As the Rule makes clear, the decision on whether to enter an order pursuant to Rule 502(d) is discretionary. *Id.* However, "[f]ederal courts, including those in Florida, routinely

enter such orders upon request of the parties." *Diaz v. Chapters Health Sys., Inc.*, No. 8:18-cv3052-T-36-SPF, 2019 WL 1498873, at *1 (M.D. Fla. Apr. 1, 2019) (collecting cases); *see also Hickman v. Univ. of Cent. Fla. Bd. of Trs.,* No. 6:25-cv-2095-PGB-LHP, 2026 WL 729767, at *1 (M.D. Fla. Mar. 11, 2026).

Upon review of the proposed order submitted by the parties, *see* Doc. No. 151 at 3, the Court finds the request well taken. Accordingly, Defendant's Unopposed Motion for the Entry of a Rule 502(d) Order (Doc. 151) is **GRANTED**, and it is **ORDERED** as follows:

> Pursuant to Federal Rule of Evidence 502(d), the disclosure in this proceeding, including during discovery or trial, of any document that is protected by the attorney-client privilege or work product protection, as defined in Fed. R. Evid. 502(g), shall not be asserted or deemed by a Party to be a waiver of the privilege or protection in the above-captioned case, or in any other federal or state proceeding, for either that document or the subject matter of that document, unless a Party affirmatively uses the document in support of that Party's claim or defense, in which event the scope of any waiver shall be determined by Fed. R. Evid. 502(a). The Parties intend that this agreement shall displace the provisions of Fed. R. Evid. 502(b). That is, except where a producing Party has affirmatively used a disclosed document to support its claims or defenses, the producing Party may claw back a document and will not need to demonstrate that the disclosure was inadvertent, or that the producing Party took reasonable steps to prevent disclosure.

- 3 -

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties