**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CITY OF SANFORD, FLORIDA,               )
a municipal corporation; *et al.*,      )
    Plaintiffs,      )
                                      )
v.                                      )   Case No.: 6:24-cv-01983-AGM-CAB
                                      )
GENERAL DYNAMICS                        )
CORPORATION, a foreign                  )
corporation; *et al.*,                  )
                                      )
    Defendants.      )
                                      )

**<u>DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS</u>**

Defendants, pursuant to Fed. R. Civ. P. 37(b)(2), move the Court for an Order

sanctioning Plaintiff for its failure to comply with the Court's Order to produce all

electronically stored information ("ESI") responsive to Defendants' discovery requests

by July 6, 2026. *See* Order [Doc. No. 143]. Defendants state:

Plaintiff's failure to timely respond to Defendants' December 23, 2025

discovery requests ("Subject Discovery") (*see* **Composite Exhibit A**) has previously

been before this Court. *See* Defendants' Motion to Compel ("MTC") [Doc. No. 133].

At the hearing on the MTC, Plaintiff complained that it had not received search

terms for the ESI from Defendants until May 7, 2026, and those terms yielded

"3,891,456 separate emails." *See* June 4, 2026 MTC Hearing Transcript at 19:24 -20:6,

attached as **Exhibit B**. The Court overruled this argument stating, "there's nothing in

the federal rules about search terms…You have to comply with the discovery." *Id.* at

34:23 – 35:4. The Court continued, "in the initial discovery request that you received, it addressed both discovery documents, which it described as electronic documents, and it described ESI….since the day you got these discovery requests, you knew that you would have to turn over ESI, especially in a situation where you're the plaintiff." *Id.* at 35:11-19.

The Plaintiff failed to produce any material amount of ESI on or before July 6, 2026. To avoid again seeking the Court's assistance, Defendants have tried to work with Plaintiff to refine the search terms for the ESI. Although Defendants have repeatedly asked for the number of hits that *each term* was yielding in order to further refine the terms, Plaintiff has failed to provide even that basic information. *See* June - August ESI Communications, attached as **Composite Exhibit C**.

Instead, on June 18, 2026, for the first time, the Plaintiff offered its own six search terms, which only collected a total of 23,380 emails, and declared that those were the only emails they were going to review. *See id.* While the Defendants immediately responded, explaining that the Plaintiff's limited terms were not sufficient, on a July 29, 2026 call (six weeks later) Defendants learned that Plaintiff was only reviewing those 23,380 emails for responsiveness. In addition to being inadequate and noncompliant with the Court's Order, Plaintiff currently estimates that the *one* person reviewing the 23,380 emails will not be finished until the end of August.

Plaintiff should be sanctioned for failure to comply with the Court's Order requiring production of "all" its ESI.  Accordingly, the Court should:

(1) require Plaintiff to turn over to Defendants the "3,891,456 separate emails" immediately,

(2) direct Plaintiff to pay the Defendants' costs (a) for technical support to ingest, process, dedupe, search, thread, and manage the ESI, (b) to host the ESI, and (c) to maintain six users in the database, and

(3) award Defendants their attorneys' fees incurred in bringing this Motion.

Defendants request a hearing and/or supplemental briefing to better explain Plaintiff's deficiencies.

## Local Rule 3.01(g) Certificate

Undersigned counsel certifies that on June, 22, 2026, July 2, 2026, July 24, 2026, July 29, 2026, and August 6, 2026, counsel for Defendants conferred with counsel for Plaintiff via telephone/Zoom regarding the issues raised in this Motion. In addition, counsel for Defendants conferred with counsel for Plaintiff numerous times via email. *See* **Composite Exhibit C**.  Unfortunately, the parties could not reach agreement on the ESI issues, requiring Defendants to seek assistance of the Court.

## Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand

3

that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ *I. William Spivey, II*

Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of August 2026, I electronically filed the foregoing **Defendants' Motion for Discovery Sanctions** the Clerk of the Court by using the CM/ECF system, which will send an electronic copy to the following:

David H. Simmons, Esquire
Florida Bar No. 240745
Daniel J. O'Malley, Esquire
Florida Bar No. 124450
Ryan H. Wisneski, Esquire
Florida Bar No. 119634
de Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Email: Dsimmons@dsklawgroup.com
    Domalley@dsklawgroup.com
    Hrash@dsklawgroup.com
    Rwisneski@dsklawgroup.com

*Counsel for Plaintiff*

4

/s/ *I. William Spivey, II*
I. William Spivey, II, Esquire
Florida Bar No. 701076
GREENBERG TRAURIG, P.A.
405 S. Orange Ave., Suite 650
Orlando, Florida 32801
Telephone: (407) 402-1000
Email: spiveyw@gtlaw.com
      nef-iws@gtlaw.com
      orllitdock@gtlaw.com


and


Christopher Torres, Esquire
Florida Bar 0716731
Danielle S. Kemp, Esquire
Florida Bar No. 0474355
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Email: torresch@gtlaw.com
      kempd@gtlaw.com


and


Steven M. Siros *(pro hac vice)*
ssiros@jenner.com
Andrew F. Merrick *(pro hac vice)*
amerrick@jenner.com
**JENNER & BLOCK LLP**
353 N. Clark St.
Chicago, IL 60654
Telephone:   (312) 222-9350


*Counsel for General Dynamics Corporation*
*and General Dynamics Land Systems, Inc.*


/s/ *Joseph A. DeMaria*
Joseph A. DeMaria, Esquire
Florida Bar No. 764711

/s/ *Daniel C. Johnson*
Daniel C. Johnson, Esquire
Florida Bar No. 522880
CARLTON FIELDS, P.A.
200 S. Orange Ave., Suite 1000
Orlando, Florida 32801
Telephone: (407) 849-0300
Email: djohnson@carltonfields.com


and


Dylan Sanders, Esquire
*Admitted Pro Hac Vice*
BEVERIDGE & DIAMOND, PC
155 Federal Street, Suite 1600
Boston, Massachusetts 02110
Telephone: (617) 419-2300
Email: dsanders@bdlaw.com


*Counsel for Siemens Corporation*

5

FOX ROTHSCHILD LLP
One Biscayne Tower, Suite 2750
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 442-6547
Email: jdemaria@foxrothschild.com

and

Diane Westwood Wilson, Esquire
*Admitted Pro Hac Vice*
FOX ROTHSCHILD LLP
101 Park Avenue, Suite 1700
New York, New York 10178
Telephone: (212) 878-1431
Email: dwilson@foxrothschild.com

*Counsel for MONI Holdings LLC*