**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CITY OF SANFORD, FLORIDA, a municipal corporation, and STATE EX REL., CITY OF SANFORD, FLORIDA, a municipal corporation,

Plaintiff,

v.

GENERAL DYNAMICS CORPORATION, a foreign corporation, et al.,

Defendants.

Case No.: 6:24-cv-1983-AGM-CAB

**TIME SENSITIVE JOINT MOTION FOR RULE 16 CONFERENCE OR IN THE ALTERNATIVE ENTRY OF THE AGREED MOTION TO EXTEND CASE MANAGEMENT AND SCHEDULING ORDER DEADLINES**

Plaintiff City of Sanford, Florida and State *ex rel.*, City of Sanford, Florida ("Plaintiff") and Defendants General Dynamics Corporation, Siemens Corporation, and MONI Holdings LLC ("Defendants"), jointly move under Rule 16 for a case management conference at the Court's earliest convenience—but before September 18—to address imminent CMSO deadlines, allow the parties to have a productive mediation, and achieve the goals of this Court and Rule 1. Alternatively, the parties jointly request the entry of their Agreed Motion to Extend Case Management and Scheduling Order Deadlines and Continue Trial for Five Months ("Agreed Motion") (D.E. 152), which would obviate the need for a case management conference.

The time-sensitive deadlines include Defendants' expert disclosures (Sept. 18), Plaintiff's rebuttal expert disclosures (Oct. 8), and the discovery deadline (Oct. 16). Good cause exists for these requests and they benefit judicial economy.

## PRELIMINARY STATEMENT

This is a complex environmental case in which Plaintiff sued Defendants alleging groundwater contamination from a legacy electronics manufacturing facility in Lake Mary, Florida that operated over decades. Plaintiff brought seven causes of action alleging that City of Sanford drinking water has been and continues to be contaminated. Defendants deny the allegations.

In addition to complex legal and factual issues, the number of parties involved, and circumstances beyond theirs and the Court's control, the case is still not at issue. Motions to dismiss and critical discovery—which the parties have been pursuing with regular conferrals and motion practice when issues require determination—remain outstanding. The parties have acted diligently, but they need more time to address ongoing discovery, finalize sophisticated expert reports, and prepare for a meaningful multiparty mediation that will take place over two days.

## ARGUMENT

Courts enjoy broad discretion in managing their dockets, including scheduling and discovery. *See Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002); *Abdullah v. City of Jacksonville*, 242 Fed. App. 661, 664 (11th Cir. 2007); *see also Saadi v. Maroun*, 2021 WL 8650784, at *2 (M.D. Fla. Jan. 21, 2021) (granting motion to extend

discovery deadlines to allow parties to reschedule depositions). A court may also modify a case management schedule for good cause. Fed. R. Civ. P. 16(b)(4).

Courts also consider whether a motion to extend deadline is opposed when deciding whether to grant such a request. *See, e.g.*, *LeBlanc v. Unifund CCR Partners, G.P.*, 2007 WL 2446900, at *3 (M.D. Fla. Aug. 23, 2007) ("As to Defendants' request for an extension of the discovery and dispositive motion deadlines, Plaintiff does not object to the request. Accordingly, the motion is granted[.]"). Here, the parties jointly request to hold a case management conference with the Court to address scheduling, or an order extending the case management deadlines without a conference.

Good cause exists for the requested extension due to the: (1) complexity and magnitude of the case; (2) pendency of multiple motions to dismiss; (3) ongoing activity in obtaining and providing discovery; (4) ongoing production and review of voluminous party and non-party records; (5) need for additional time to provide highly technical expert reports and to conduct meaningful expert discovery; and (6) time and attention necessary for a meaningful second round of mediation involving several defendants and a Florida municipality.

## I. THE PARTIES HAVE REQUESTED AN ADDITIONAL FOUR MONTHS TO COMPLETE DISCOVERY AND TO PROVIDE THE PARTIES THE OPPORTUNITY TO ENGAGE IN A MEANINGFUL SECOND ROUND OF MEDIATION FOLLOWING THE COMPLETION OF EXPERT DISCLOSURES, DISCOVERY, AND THE FILING OF DISPOSITIVE AND *DAUBERT* MOTIONS.

The parties have been diligently working towards completing discovery by the current October 16 deadline. At this juncture, it would be impossible for the parties to

comprehensively complete discovery by that date due to ongoing discovery issues and expert disclosures, the volume of party and non-party records, and the number of expected depositions. The parties also require more time to complete expert disclosures, which are crucial to the adjudication and resolution of this action. Accordingly, the parties jointly request an approximate four- to five-month extension of discovery and other CMSO deadlines, including remaining expert disclosures, dispositive motions, a second mediation, and trial.

If the requested extension is granted, the Court's CMSO would be modified as follows:

| | **Current Deadlines** | **Proposed Deadlines** |
|---|---|---|
| **Defendants' Expert Reports** | September 18, 2026 | October 30, 2026 |
| **Plaintiff's Rebuttal Reports** | October 8, 2026 | December 18, 2026 |
| **Discovery Deadline** | October 16, 2026 | February 26, 2027 |
| **Dispositive and *Daubert* Motions** | November 2, 2026 | March 26, 2027 |
| **Second Mediation** | January 1, 2027 | January 1, 2027 |
| **All other Motions including Motions in Limine** | February 5, 2027 | May 14, 2027 |
| **Joint Final PTS, Joint Proposed Jury Instructions, Verdict Form, Voir Dire Questions, Witness List, Exhibit List, and Trial Briefs** | February 26, 2027 | June 11, 2027 |
| **Joint Final PTS** | March 8, 2027 | June 25, 2027 |
| **Trial Status Conference** | March 9, 2027 | TBD – July 2027 |
| **Trial Term** | April 5, 2027 | September 8, 2027 |

## II. THE DEADLINES SHOULD BE EXTENDED BECAUSE THE CASE IS NOT YET AT ISSUE

This case is not yet at issue, which is another compelling reason to grant the requested extension. *See Am. Registry, LLC v. Hanaw*, Case No. 2:13-cv-352-FtM-29CM, 2014 WL 1478788, at *1 (M.D. Fla. Apr. 15, 2014) (granting an extension of deadlines because the case was not yet at issue). Motions to dismiss remain unresolved (D.E.s 82, 83, 85, 86, 87, 88, 94, 95, and 97), and as the claims and defenses are not fully known, the scope of ongoing discovery and mediation remains undefined.

## III. THE PARTIES HAVE CLIENT CONSENT TO THE REQUESTED CMSO MODIFICATIONS, INCLUDING THE CONTINUANCE OF THE TRIAL TERM.

Counsel certify that their clients consent to the requested CMSO modifications, including the continuance of the trial term.

WHEREFORE, the parties jointly request that the Court enter an order for a case management conference at the Court's earliest convenience—but before September 18—or modify the Case Management and Scheduling Order deadlines as requested in D.E. 152 or in this motion.

[*Signature pages and certifications follow.*]

*/s/ David H. Simmons*
DAVID H. SIMMONS
Florida Bar No. 240745
DSimmons@dsklawgroup.com
CBuffington@dsklawgroup.com
DANIEL J. O'MALLEY
Florida Bar No. 0124450
DOmalley@dsklawgroup.com
CBuffington@dsklawgroup.com
RYAN H. WISNESKI
Florida Bar No. 119634
RWisneski@dsklawgroup.com
JBrowning@dsklawgroup.com
**DE BEAUBIEN, SIMMONS, KNIGHT, MANTZARIS & NEAL, LLP**
332 North Magnolia Avenue
Orlando, FL 32801
Telephone: (407) 422-2454
Facsimile: (407) 422-0970

*Attorneys for City of Sanford, Florida, and State ex rel., City of Sanford, Florida*

*/s/ William Spivey, II*
I. William Spivey, II
Florida Bar No. 701076
spiveyw@gtlaw.com
**GREENBERG TRAURIG, P.A.**
405 S. Orange Ave., Suite 650
Orlando, FL 32801
Telephone: (407) 402-1000
Facsimile: (407) 420 -5909

Christopher Torres
Florida Bar 0716731
torresch@gtlaw.com
Danielle S. Kemp
Florida Bar No. 0474355
kempd@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Attorneys for General Dynamics Corporation and General Dynamics Land Systems, Inc.*

*/s/ Dylan Sanders*
Dylan Sanders
Specially Admitted
**BEVERIDGE & DIAMOND, P.C.**
155 Federal Street, Suite 1600
Boston, MA 02110
(617) 419-2300 (t)
dsanders@bdlaw.com

and

Daniel C. Johnson
Florida Bar No. 522880
**CARLTON FIELDS, P.A.**
200 S. Orange Ave., Ste 1000
Orlando, FL 32801
(407) 849-0300
Djohnson@carltonfields.com

*Attorneys for Siemens Corporation*

*/s/ Joseph DeMaria*
Joseph A. DeMaria, B.C.S.
Florida Bar No. 764711
JDeMaria@FoxRothschild.com
**FOX ROTHSCHILD LLP**
One Biscayne Tower, Suite 2750
2 South Biscayne Blvd.
Miami, FL 33131
Telephone: 305.442.6547

and

Diane Westwood Wilson
Specially Admitted
DWilson@FoxRothschild.com
**FOX ROTHSCHILD LLP**
101 Park Avenue, Suite 1700
New York, NY 10178
Telephone: 212.878.1431

*Attorneys for MONI Holdings LLC*

**CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*/s/ Christopher Torres*
Attorney Christopher Torres

**LOCAL RULE 3.01(g) CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 3.01(g), the parties conferred on August 31, 2026, by Zoom conference regarding the relief requested by this joint motion.

*/s/ Dylan Sanders*
Attorney Dylan Sanders

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Dylan Sanders*
Attorney