**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| CITY OF SANFORD, FLORIDA, a municipal corporation, and STATE EX REL., CITY OF SANFORD, FLORIDA, a municipal corporation,<br><br>Plaintiff,<br><br>V.<br><br>GENERAL DYNAMICS CORPORATION, a foreign corporation, *et al.*,<br><br>Defendants. | Case No.: 6:24-CV-1983-AGM-CAB |

**Amended[*] Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 10/13/2026. David Simmons, Daniel O'Malley and Ryan Wisneski, counsel for the City of Sanford; I. William Spivey, II, Danielle Kemp, Steve Siros, counsel for General Dynamics Corporation; Daniel Johnson, counsel for Siemens Corporation; and Diane Wilson, counsel for MONI Holdings LLC attended the conference.

[*] The parties filed their initial Uniform Case Management Report on December 10, 2024 (Doc. 41).

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | Previously Served |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | N/A |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 12/5/2025 |
| | Defendant | 9/18/2026 |
| | Rebuttal | 1/6/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 5/3/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 6/7/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Currently Scheduled for Nov. 16 & 17, 2026 with: Bradford Kimbro, 100 North Tampa Street, Suite 4100, Tampa FL 33602, 813-227-6660 | | 11/17/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 10/11/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 10/18/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 10/25/2027 |
| Month and year of the trial term. | | 11/1/2027 |

The trial will last approximately **15** days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

This is a complicated case involving allegations of contamination of groundwater from which the City of Sanford obtains its drinking water by way of municipal wells. Sanford contends the groundwater is contaminated by chemicals emanating from a site in Lake Mary previously owned by the Defendants, which began operations over 50 years ago and continued until the early 2000s, and contends that chemicals were potentially released from other sites owned or operated by Defendants. Defendants deny Plaintiffs' allegations and assert that they have identified sources at locations that were not owned or operated by the Defendants, which may be causes of contamination.

## 4. Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**8. Discovery Practice**

| |
|---|
| The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District. |

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes.

B. Discovery may be needed on these subjects: without limitation, some examples are historical use and disposal of chemicals at the Lake Mary site and other locations, entities operating and/or owning the Lake Mary site and other locations, groundwater and soil testing results, nature of operations at the Lake Mary site and other locations, geotechnical modeling of groundwater flows under and around the Lake Mary site, other locations and Sanford's wellfields, the nature and extent of Sanford's alleged damages and relief sought including the proportionality of the relief

sought when compared with the nature and extent of contamination impacting Sanford's wellfields, communications regarding the foregoing matters and the matters alleged in the Second Amended Complaint.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; When the case was closed, the following issues existed (1) Protective Order—the Defendants and Plaintiff are working on finalizing a protective Order for confidential information produced and to be produced in this case; (2) Plaintiff producing ESI in native format with metadata; (3) Plaintiff's request for 30(b)(6) Defendant witnesses; (4) Defendants producing documents requested by Plaintiff; and (5) scheduling various fact and expert depositions.

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: **The parties have already obtained a 502(d) Order (Doc. 154).**

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; Each side can depose up to ten (10) fact witnesses. Expert witness depositions are not included in that fact witness limit.

**10. Request for Special Handling**

☐ The parties do not request special handling.

☒ The parties request special handling. Specifically, the parties recognize certain documents or information is confidential or proprietary and, as referenced above, have been working to craft a protective order governing such documents and information. If the parties need assistance from the Court to finalize the language of the proposed order, they will promptly advise the Court.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

/s/ David Simmons
David Simmons
City of Sanford
10/19/2026

/s/ I. William Spivey, II
I. William Spivey, II
General Dynamics Corporation
10/19/2026

/s/ Dylan Sanders
Dylan Sanders
Siemens Corporation
10/19/2026

/s/ Diane Westwood Wilson
Diane Westwood Wilson
MONI Holdings LLC
10/19/2026